## CIRCUIT COURT OF FAIRFAX COUNTY

Fouad A. Alkisswani

v.

Hechinger Co. et al.

September 24, 1990

Case No. (Law) 92958

By JUDGE ROSEMARIE ANNUNZIATA

The matter under advisement is the Motion to Dismiss the Petition for Judicial Review filed by the Virginia Employment Commission.

I have reviewed the record of the administrative proceedings, the case authorities, the memoranda filed by counsel, and the arguments made at the hearing in this matter and have determined the motion to dismiss should be granted.

Section 60.2-625 of the Virginia Code defines the nature of the review to be afforded petitioner in this case. It states:

> In any judicial proceedings under this chapter, the findings of the Commissioner as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of such court shall be confined to questions of law.

The facts before me, as found by the Commission, are set forth below.

The claimant was last employed for the Hechinger Company of Landover, Maryland, at

a store in Vienna, Virginia, between May 24, 1988, and May 23, 1989. His position was that of a stocker.

The claimant was originally scheduled to work four ten-hour night shifts per week beginning on Tuesday evening and ending on Saturday morning. He performed his job well and frequently worked overtime when needed.

A new manager came into the store where the claimant worked, and he began to feel that she held him in contempt. On one occasion, he went over her head to complain about what he felt was a salary inequity; nevertheless, he did agree to help alleviate a shortage of personnel by working on Monday nights. In his own mind, this was temporary only.

The supervisor on the night shift left, and the claimant desired to have that position for himself. Despite this, the manager hired someone else. After being told of this, the claimant announced that he was not going to work any more Mondays and would be going back to his previous schedule. At the hearing, he did not articulate any particular reason why he could not work five days per week stating only: "The Monday was really selfish on my part . . . ."

The store manager told the claimant that if he wished to stay on the job, he would work five shifts per week. He was persistent in his refusal to do so, and he was discharged.

I find there is sufficient evidence to support the findings of fact made by the Virginia Employment Commission and, there being no allegation or proof of fraud, I decline to disturb them.

I further find that the Commissioner's ruling was consistent with the laws of this state governing dismissal for cause.